**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE**

| | |
|---|---|
| **CHRIS PARKER,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | **No. 3:14-0959** |
| ) | **JUDGE NIXON/BROWN** |
| v. ) | **Jury Demand** |
| ) | |
| **METROPOLITAN GOVERNMENT** ) | |
| **OF NASHVILLE AND DAVIDSON** ) | |
| **COUNTY, TENNESSEE** ) | |
| ) | |
| **Defendant** | |

**INITIAL CASE MANAGEMENT ORDER**

Pursuant to Local Rule 16.01(d)(2), the following Initial Case Management Plan is **adopted**.

A. JURISDICTION: The court has jurisdiction pursuant to 28 U.S.C § 1331 and the Civil Rights Act of 1991 and Americans with Disabilities Act as amended and Common Law Retaliation.

B. BRIEF THEORIES OF THE PARTIES:

1) PLAINTIFF:

Plaintiff was hired by Metro on January 1, 2008. He most recently worked as a Sheriff and Correctional Officer 2. Plaintiff performed the job duties and responsibilities he was hired to perform with Metro, and had not received any complaints about his performance. In May 2011 Plaintiff was attacked by an inmate while on duty, and in June 2011 Plaintiff used FMLA leave to receive treatment for psychological injuries. Prior to his return to duty, Plaintiff applied for a transfer to another department within Metro. Plaintiff was denied a transfer and upon his return to duty after FMLA leave he was assigned to the fifth floor of the CJC.

1

In September 2011 Plaintiff was assaulted yet again by an inmate and while on the ground was rushed by a group of 30 or more inmates. Plaintiff was able to defend himself and the crowd dispersed. He suffered physical injuries during this attack.

In January 2012 Plaintiff again requested a transfer and was again denied a transfer. On January 15, 2012 Plaintiff applied for one week of leave due the tremendous stress, anxiety and distress he was suffering at work. This request for leave was denied. After one other incident involving a confrontation with an inmate, Defendant ordered Plaintiff to undergo a psychological exam. Plaintiff was diagnosed with post-traumatic stress disorder ("PTSD") and suffering from a major depressive episode, chronic pain in his jaw and right hand/wrist resulting from the two on-the-job assaults, gastrointestinal distress and insomnia. In February 2012, Plaintiff again applied for leave under the Family Medical Leave Act to receive treatment for the psychological injuries he suffered due to the two incidents described above. Plaintiff was on leave for approximately six (6) weeks beginning March 18, 2012. Plaintiff was released by his doctor to return to work on May 6, 2012. On May 6, 2012, Dr. Virts recommended that Plaintiff remain off work for another six weeks. On May 7, 2012, Metro terminated Plaintiff's employment. On May 15, 2012 Plaintiff submitted an Injury on Duty ("IOD") form listing his injury as mental, affecting his brain, as a result of the PTSD from which he was suffering. On May 30, 2012 Metro rescinded Plaintiff's termination and he was returned to Metro's roster on leave without pay. On September 29, 2012 Plaintiff was terminated.

2) DEFENDANT:

Defendant contends that all actions taken by the Metropolitan Government with regard to Plaintiff were for legitimate, non-discriminatory and non-retaliatory reasons unrelated to Plaintiff's disability or exercise of rights under the FMLA.

C. ISSUES RESOLVED: Jurisdiction and venue.

D. ISSUES STILL IN DISPUTE: Liability and damages.

E. INITIAL DISCLOSURES: The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. (26)(a)(1) on or before **July 17, 2014**.

F. DISCOVERY: The parties shall complete all written discovery on or before **December 19, 2014**. The parties shall depose all fact witnesses on or before **April 10, 2015**. Discovery is not stayed during dispositive motions, unless ordered by the court. Prior to filing any discovery-related motions the parties will schedule and conduct a telephone conference with the Magistrate Judge. No motions concerning discovery are to be filed until after the parties have conferred in good faith.

G. MOTIONS TO AMEND: The parties shall file all Motions to Amend on or before **November 21, 2014**.

H. DISCLOSURE OF EXPERTS: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **January 23, 2015**. The defendant shall identify and disclose all expert witnesses and reports on or before **February 23, 2015**.

I. DEPOSITIONS OF EXPERT WITNESSES: The parties shall depose all expert witnesses on or before **April 10, 2015**.

J. DISPOSITIVE MOTIONS: The parties shall file all dispositive motions on or before **May 11, 2015**. Responses to dispositive motions shall be filed within **28 days** after service. Briefs shall not exceed **25 pages** without leave of Court. Optional replies, limited to **five pages**,

shall be filed within **14 days** after service of the response. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

K.  ELECTRONIC DISCOVERY: The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order no. 174 need not apply to this case.

L.  SUBSEQUENT CASE MANAGEMENT CONFERENCE: A telephone conference with Magistrate Judge Brown to discuss case progress and alternative dispute resolution is set for **November 3, 2014 at 10:00 a.m. To participate in the conference call, parties will call 615-695-2851 at the scheduled time.**

M.  TRIAL DATE AND ESTIMATED TRIAL TIME: The parties estimate that this jury trial will take three to four days, depending on what issues remain for trial. After consulting with Judge Nixon's courtroom deputy, this matter is set for trial on **November 3, 2015**, **at 9:00 a.m.** Judge Nixon will conduct the final pretrial conference on **October 26, 2015, at 10:00 a.m.** Judge Nixon will issue a separate order covering his requirements for the final pretrial conference and the trial.

It is so **ORDERED.**

      /s/  Joe B. Brown
JOE B. BROWN
United States Magistrate Judge